**In re Dardarian**

C.P. of Chester County, No. 1512-1415.

*James Hickey,* for petitioner Linda J. Edwards
*Christopher G. Furlong,* for principal Mardell Dardarian
*Raymond J. Falzone, Jr.,* for attorney-in-fact Linda Moran

TUNNELL, *J.,* April 30, 2013—The principal in this

case, Mardell Dardarian, is an 82 year old individual who resides at Pembroke Health & Rehabilitation Residence in West Chester, Pennsylvania. On September 23, 2010, she appointed a friend, Linda Moran, as agent under a general power of attorney.

Almost two years later, Mrs. Dardarian's daughter, Linda J. Edwards, petitioned this court to order Ms. Moran to file an account of her administration of the Principal's finances to date. Ms. Edwards did not disclose to the court at that time that she had fallen out of favor with her mother for years. Indeed, prior to the appointment of Ms. Moran under the power of attorney, the principal had executed a will on October 21, 2008 in which she specified that "my daughter is excluded". By later will dated October 29, 2010, Mrs. Dardarian left her estate equally to Linda Moran and three of her other friends. She further provided "My daughter and grandsons are all specifically excluded from my Estate they did not concern themselves with me for 12 years and when they did it was only to put me in a nursing home so they would not have to bother with but control my money therefore I leave them nothing (sic)."

This court entered an order on October 3, 2012 which recited that "after agreement by the parties" Ms. Moran, the agent, would file a formal account of her administration. By order dated December 14, 2012, the court granted Ms. Moran an extension of time to file said account. The account was to be in the format required by Pa. O.C. Rule 6.1 and the corresponding local rules of the Chester County Orphans' Court Division.

Ms. Moran's account did not comply with the specified

format.

Ms. Edwards filed 38 objections on March 6, 2013.

This case was then reassigned from the Honorable John L. Hall to the undersigned. Ms. Moran responded by filing a petition to dismiss and to strike the objections filed by Ms. Edwards, raising the issue of standing on the basis that Mrs. Dardarian is alive, and her daughter is neither a beneficiary nor a personal representative.

In open court on April 29, 2013, counsel for the parties agreed that there was no material issue of fact and that the initial question of standing was ripe for determination.

The matter of whether one has the requisite standing to cite another to file an account and to challenge said account by means of objections remains a thorny one. Many people imagine that they are fully qualified to do so because they are a close blood relative, or an intestate heir. The issue is not necessarily intuitive.

Pennsylvania courts have concluded that any inquiry into the alleged misuse of a power of attorney is to made by the person who granted the power, in this case Mrs. Dardarian herself, or by the personal representative of his or her estate. It is not to be made by a beneficiary whose interest was allegedly hurt by the exercise of the power of attorney. *Golub Trust*, 27 Fid. Rep. 2d. 260, 265 (O.C. Phila. Co. 2006). Thus, if an agent breaches a fiduciary obligation owed to the principal, it is up to the principal himself or herself, or, after death, his or her personal representative to proceed to hold the agent accountable. *Rosewater Estate,* 25 Fid. Rep. 2d. 83, 85 (O.C. Mont.

Co. 2005).

Mardell Dardarian has not only not made any accusations against her agent, Linda Moran, but she proceeded to file a sworn affidavit affirming that she gave Ms. Moran a significant gift, and acknowledging an awareness that Ms. Moran is being paid a sum of $800 per week for services rendered to Mrs. Dardarian under the power of attorney. She expresses her overall satisfaction with Ms. Moran's services.

Mrs. Dardarian has her biases, and the law will protect them. There has been no suggestion that Mrs. Dardarian is not in possession of her faculties or that her mind has been imprisoned by the machinations of another. For persons who have been adjudicated as incapacitated, their guardians succeed to the necessary standing to compel accountings.

For similar reasons, this court recently held that a widow of a decedent did not have standing to compel an account from her late husband's agent for, although she might remain a beneficiary, the person having standing was the executor of the deceased party. *In Re: Estate of Griggs,* 2 Fid. Rep. 3d. 354, 60 Ches. Co. L.R. 266 (2012). Ms. Moran's petition to dismiss and strike the objections of Linda J. Edwards to the first account of the power of attorney will be granted.

However, the court has twice ordered Ms. Moran to file an account in the proper format. That being the case, she must do so for the court's own review. An order follows.

## ORDER

And now, this 30th day of April, 2013, the petition of Linda Moran to dismiss and strike the objections of Linda J. Edwards to the first account of the power of attorney is granted.

Linda Moran shall file an account in the proper format, as previously required, for the court's own review.